People v Wickwire (2024 NY Slip Op 04491)

People v Wickwire

2024 NY Slip Op 04491

Decided on September 19, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 19, 2024

112814
[*1]The People of the State of New York, Respondent,
v
Chad Wickwire, Appellant.

Calendar Date:August 30, 2024

Before:Garry, P.J., Egan Jr., Pritzker, Powers and Mackey, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Kristin A. Bluvas of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.

Appeal from a judgment of the County Court of St. Lawrence County (Tatiana N. Coffinger, J.), rendered November 6, 2020, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
Defendant and 43 others were charged in an 80-count indictment with various crimes stemming from the sale and trafficking of drugs in St. Lawrence County. In satisfaction of the five counts pertaining to him, defendant, who was on parole at the time of the underlying offenses, was offered the opportunity to plead guilty to one count of criminal sale of a controlled substance in the third degree with the understanding that he would be sentenced, as a second felony offender, to a prison term of no more than five years, to be followed by three years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in accordance with the plea agreement, and County Court sentenced defendant to a prison term of 4½ years, to be followed by three years of postrelease supervision. This appeal ensued.
We affirm. Defendant executed a written waiver of appeal that, among other things, expressly delineated the appellate rights that would survive; however, despite asking defendant to review this document with counsel, there is no indication that County Court confirmed with defendant whether he had read the document and understood its contents. Accordingly, we agree that the written waiver of appeal is invalid. "However, the lack of a valid written waiver is not fatal where, as here, the oral waiver colloquy is sufficient to demonstrate that the defendant knowingly, intelligently and voluntarily waived his or her right to appeal" (People v Soto, 228 AD3d 1072, 1073 [3d Dept 2024] [internal quotation marks and citations omitted]). County Court advised defendant that the waiver of appeal was part of defendant's plea agreement, explained that the waiver was separate and distinct from the trial-related rights that defendant would forfeit by pleading guilty, discussed the nature of the appellate process, delineated certain of the appellate issues that would survive the waiver and ascertained that defendant had discussed the waiver with counsel. Under these circumstances, we are satisfied that defendant knowingly, intelligently and voluntarily waived his right to appeal (see id.; People v Rabine, 227 AD3d 1274, 1275 [3d Dept 2024]; People v Devins, 206 AD3d 1365, 1366 [3d Dept 2022]). To the extent that defendant argues that his waiver was ineffective because counsel failed to advise him regarding the strength of the People's case, defendant admittedly is not challenging the voluntariness of his plea, and counsel's alleged omission in this regard does not implicate the validity of defendant's appeal waiver (cf. People v Cali, 229 AD3d 940, 941 [3d Dept 2024]). In light of the valid waiver, defendant's challenge to the severity of his sentence is precluded (see People v [*2]Delosh, 227 AD3d 1276, 1277 [3d Dept 2024]).
Garry, P.J., Egan Jr., Pritzker, Powers and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.